IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DOROTHY MAYS                                                                                       PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:14-CV-00048-SA-SAA

MUTUAL OF OMAHA
INSURANCE COMPANY                                                           DEFENDANT

**MEMORANDUM OPINION**

Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim [6], Plaintiff's Motion for Leave to Amend Complaint [13], and Plaintiff's Motion to File Brief Out of Time [14]. Upon due consideration of the motions, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Dorothy Mays originally filed this action in the Circuit Court of Winston County, Mississippi, alleging multiple causes of action arising from Defendant Mutual of Omaha Insurance Company's ("Mutual of Omaha") denial of a life insurance claim she filed upon the death of Marcus Henton. Mutual of Omaha timely filed a Notice of Removal [1] based upon diversity jurisdiction and, on March 20, 2014, moved to dismiss Mays' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Mays did not respond to Mutual of Omaha's motion until July 11, 2014 when she filed a Motion for Leave to File Brief Out of Time [14].[1] Additionally, Mays filed a Motion for Leave to Amend Complaint [13] on June 30, 2014, to which Mutual of Omaha has filed a response. Whereas the issues now before the Court are dispositive as to all pending motions, the Court addresses them together.

---

[1] Despite the deadline having passed for the filing of a response, here the Court exercises its discretion and has considered Mays' response. Accordingly, Mays' Motion to File Brief Out of Time [14] is GRANTED.

*Motion to Amend Standard*

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once without the consent of either the opposing party or the Court "within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The Court should grant such leave "when justice so requires." Id.

The Fifth Circuit has held that:

> [t]he liberal amendment policy underlying Rule 15(a) affords the court broad discretion in granting leave to amend and, consequently, a motion for leave to amend should not be denied unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed [or] undue prejudice to the opposing party by virtue of allowance of the amendment, . . .

Whitley v. Hanna, 726 F.3d 631, 648 (5th Cir. 2013) cert. denied, 134 S. Ct. 1935, 188 L. Ed. 2d 960 (2014) (quoting United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 386 (5th Cir. 2003) (alteration in original) (citation omitted)). "Leave to amend also may be denied when amendment would be futile." Id. (citing Willard, 336 F.3d at 387).

*Motion to Dismiss Standard*

As this Court has recognized, motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." PowerTrain, Inc. v. Ma, 2012 U.S. Dist. LEXIS 24958, at *24 (N.D. Miss. Feb. 27, 2012) (quoting Kocurek v. Cuna Mut. Ins. Soc'y, 459 F. App'x 371, 373 (5th Cir. 2012)). Still, only a complaint that states a plausible claim for relief should survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Rather, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

Though the Court, when deciding a motion to dismiss, takes as true all well-pleaded factual allegations within the complaint, C.C. Port v. Davis-Penn Mortg. Co., 61 F.3d 288, 289 (5th Cir. 1995), "conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." Taylor v. Books A Million, 296 F.3d 376, 378 (5th Cir. 2002). Therefore, when the allegations in a complaint, however true, do not raise a claim of entitlement to relief, the Court should dismiss the complaint. Twombly, 550 U.S. at 557, 127 S. Ct. 1955.

*Analysis and Discussion*

This action arises from the denial of life insurance benefits following the death of Marcus Henton. In her original Complaint [2], Mays alleged that she entered into a contract for a life insurance policy on the lives of Henton and two other individuals "on or about February 24, 2012." Thereafter, on the morning of February 26, 2012, Henton was shot and killed. Mays advised Mutual of Omaha of Henton's death and filed a claim for benefits under the policy on March 2, 2012. However, according to the Complaint, Mutual of Omaha "denied the claim, in bad faith of the insurance contract."

Mutual of Omaha filed its Motion to Dismiss [6] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the insurance policy was not effective until March 2, 2012 and therefore there was no coverage in effect at the time of Henton's death five days earlier. Additionally, Mutual of Omaha argues that Mays did not have an insurable interest in the life of Henton, and thus the policy is void. Mutual of Omaha contends that each of Mays' causes of

action[2] are dependent upon there having been a valid insurance contract in effect at the time of Henton's death, and therefore, Mays' complaint should be dismissed in its entirety.

The Fifth Circuit has held that an application for insurance may contain conditions before becoming effective, and the application will not provide coverage until the fulfillment of the specified conditions. See Gladney v. Paul Revere Life Ins. Co., 895 F.2d 238, 241 (5th Cir. 1990). The application for the policy at issue states,[3] "I understand that this coverage is not in force until the Policy Date which will be shown on the Policy I will receive," and the policy in turn states, "The premium you paid and the application you completed have put this policy in force as of the Policy Date. That date is shown on the policy schedule." Further, the policy specifically defines "Policy Date" as "the date coverage is effective under this policy as shown on the policy schedule" and states that "[b]enefits are not payable for: loss that begins while this policy is not in force . . . ." The policy schedule lists the Policy Date as March 2, 2012.

"[U]nder Mississippi contract law, if an insurance policy is unambiguous, its terms must be given their plain meaning and enforced as written." Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 992 (5th Cir. 2001) (citing Am. Guar. & Liab. Ins. Co. v. 1906 Co., 129 F.3d 802, 805 (5th Cir. 1997)). See Leonard v. Nationwide Mut. Ins. Co., 499 F.3d 419, 429 (5th Cir. 2007) ("Ambiguity arises when a term or provision is susceptible to more than one reasonable meaning, but can also result from 'internal conflict' between policy provisions that

---

[2] Mays seeks to recover for bad faith and breach of good faith duty, specific performance of insurance contract, indemnity, unjust enrichment/constructive trust, breach of the implied covenants of duty of good faith and fair dealing, negligence, and breach of contract.

[3] Mutual of Omaha attached the application, policy schedule, and policy to its Motion to Dismiss. Though not attached to Mays' Complaint, the Court may properly consider these documents because of references made in the Complaint. "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citing Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006)). "A court is permitted, however, to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" Id. (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)).

4

renders uncertain the meaning of the policy as a whole.") (citation omitted); Robley v. Blue Cross/Blue Shield of Miss., 935 So. 2d 990, 996 (Miss. 2006) (courts "must give effect to the plain meaning of clear and unambiguous language" of insurance policies). Looking then to the plain meaning of the policy language, it is clear that coverage under the policy at issue was not effective on February 26, 2012, the date of Henton's death. Accordingly, the original Complaint fails to state a claim upon which relief may be granted, and the Court need not reach Mutual of Omaha's alternative argument that the policy is void because Mays' lacked an insurable interest in Henton's life.

However, Mays seeks leave to amend her complaint in response to Mutual of Omaha's motion and in order to "clarify and add facts and other factual liability claims based on actions of the Defendant." She has attached a proposed First Amended Complaint [13-1] for the Court's consideration. Whereas Mays' Motion for Leave to Amend [13] was filed more than twenty-one days after service of Mutual of Omaha's Motion to Dismiss [6] but prior to the expiration of the deadline for such motions under the Case Management Order [12], the Court must address the motion under Federal Rule of Procedure 15(a)(2).

In her proposed First Amended Complaint, Mays alleges that it was Henton who entered into the life insurance contract with Mutual of Omaha and that Mays was merely a third-party beneficiary. Mays also alleges she spoke with a Mutual of Omaha representative via telephone on February 24, 2012, that the purported agent "assured Dorothy Mays that the insured, Marcus Henton, was covered as of the date of the call," and that the "representative took the application and accepted the same over the phone."[4]

---

[4] Additionally, Mays alleges that the amount recoverable under the policy was $100,000 rather than $500,000 as previously alleged. While Mays continues to allege that she paid the premium for the policy, she now alleges that Mutual of Omaha deposited her first premium payment and then, when she made a claim, returned the previously deposited premium payment instead of paying the benefits due under the policy.

Mays' proposed First Amended Complaint does not name as a party defendant the agent with whom she allegedly spoke nor does it specifically state a claim for negligent misrepresentation. Instead, Mays appears to attempt to hold Mutual of Omaha responsible for her damages through an apparent authority theory of liability. Under Mississippi law:

> [a]pparent authority exists when a reasonably prudent person, having knowledge of the nature and usages of the business involved, would be justified in supposing, based on the character of the duties entrusted to the agent, that the agent has the power he is assumed to have.

Mladineo v. Schmidt, 52 So. 3d 1154, 1167 (Miss. 2010) (citation omitted).

> To recover under the theory of apparent authority, . . . three factors must be present: (1) acts or conduct on the part of the principal indicating the agent's authority, (2) reasonable reliance on those acts, and (3) a detrimental change in position as a result of such reliance.

Wood v. Mossy Oak Properties, Inc., 120 So. 3d 443, 447 (Miss. Ct. App. 2013) (quoting Mladineo, 52 So. 3d at 1167).

Importantly, Mays does not allege that any person made representations regarding the effective date of the policy to Henton, the proposed insured. Rather, the allegations of Mays' proposed First Amended Complaint are limited to statements purportedly made directly to Mays who was, according to the First Amended Complaint, not a party to the insurance contract. Additionally, Mays fails to allege any facts that would show either she or Henton relied to their detriment on the agent's alleged statements.

Accordingly, the Court finds that Mays' proposed First Amended Complaint fails to state a claim based upon a theory of apparent authority for which relief could be granted and therefore Mays' Motion for Leave to Amend Complaint [13] is DENIED as futile. See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile. An amendment

is futile if it would fail to survive a Rule 12(b)(6) motion. Therefore, we review the proposed amended complaint under the same standard of legal sufficiency as applies under Rule 12(b)(6).") (internal quotation marks and citations omitted).

*Conclusion*

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint [13] is DENIED, Plaintiff's Motion to File Brief Out of Time [14] is GRANTED, and Defendant's Motion to Dismiss for Failure to State a Claim [6] is GRANTED. Plaintiff's Complaint [2] is hereby dismissed with prejudice. A separate order to that effect shall issue this date. This case is closed.

SO ORDERED on this, the 4th day of November, 2014.

    /s/ Sharion Aycock_____
UNITED STATES DISTRICT JUDGE